

**Signed and Filed: November 05, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-33530 TEC |
| CHARLES MICHAEL COLLINS, | Chapter 7 |
| Debtor. | |

**MEMORANDUM RE PAUL A. VANDER WAERDT'S MOTION TO REOPEN AND FOR EXAMINATION OF FEES UNDER 11 U.S.C. § 329(B)**

On October 6, 2008, Paul A. Vander Waerdt filed a motion to reopen the above-captioned bankruptcy case (Case), and a motion under section 329(b) and Bankruptcy Rule 2017 to review attorney fees allegedly paid by Debtor to Howard Melamed during the Case. Upon due consideration, and for the reasons set forth in this memorandum, (1) the motion to reopen is granted for the purpose of deciding the motion for examination of fees, and (2) the motion for examination of fees under section 329(b) is denied. Each of the reasons stated below constitutes an independent and wholly sufficient ground for denying the motion to examine fees.

First, the motion to examine fees should be denied because there is no evidence that Mr. Melamed, the counsel Debtor employed

postpetition for the limited purpose of representing him in connection with a Rule 2004 examination, received any payment for services provided in connection with the Case. Mr. Vander Waerdt's declarations in support of the motion do not state that Debtor or anyone else paid Mr. Melamed a fee in conjunction with the Case. Nor did Mr. Vander Waerdt submit any invoices or other documentary evidence that Mr. Melamed billed Debtor for services provided in connection with the case, or that Debtor paid any sum for such services. In addition, Mr. Melamed's sworn declaration in opposition to the motion provides that the 2004 examination was canceled, that he provided no services to Debtor during the bankruptcy case, that he did not charge Debtor any fee in connection with the Rule 2004 examination, and that Debtor did not incur or pay any fees to Mr. Melamed in connection with the Rule 2004 examination.

Second, even assuming that Debtor paid Mr. Melamed for postpetition services, Mr. Vander Waerdt is not the proper party to bring a motion to review such fees under section 329(b). Federal Rule of Bankruptcy Procedure 2017(b) provides that a motion to review fees may be brought by Debtor, the United States Trustee, or on the court's own initiative.

Third, the basis for the Rule 329(b) motion appears to be that Mr. Melamed, who was scheduled in the Case as a creditor, should not have been employed in the Case because he was not a "disinterested person" under Bankruptcy Code section 101(14). The Bankruptcy Code does not require counsel who is representing a chapter 7 debtor solely in connection with a Rule 2004 examination

to be a disinterested person, or to be appointed by the court. 11 U.S.C. §327(a), (e).

**\*\*END OF MEMORANDUM\*\***

-3-

|     | **Court Service List** |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   | Charles Michael Collins, Esq.<br>P.O. Box 14792 |
| 4   | San Francisco, CA 94114 |
| 5   | Paul A. Vander Waerdt<br>15932 Rock Crystal Drive |
| 6   | Parker, CO 80134 |
| 7   |     |