**Signed and Filed: December 10, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 05-33530 TEC |
| | ) |
| CHARLES MICHAEL COLLINS, | ) Chapter 7 |
| | ) |
| | ) |
| | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |

**SECOND MEMORANDUM RE PAUL A. VANDER WAERDT'S MOTION TO REOPEN**

Creditor Paul Vander Waerdt (Movant) seeks to reopen this chapter 7 case: (1) to "prosecute postpetition fraud claims against [Debtor] in the Superior Court", (2) for a determination that Debtor's conduct over a four-year period beginning prepetition is nondischargeable under 11 U.S.C. §§ 523 (a)(2), (4), and (6) , and (3) for revocation of Debtor's bankruptcy discharge for fraud. For the reasons stated below, the motion is denied. This memorandum constitutes the court's findings of facts and conclusions of law.

**FACTS**

In 2003, Movant engaged Debtor to represent him in several lawsuits. Movant alleges that, at the time of the engagement,

-1-

Debtor falsely stated that his malpractice insurance covered the legal work subject to the engagement.

On October 20, 2004, Movant filed a complaint against Debtor for professional negligence (San Francisco Sup. Court Case No. CGC 04-435626). On September 26, 2005, Debtor served discovery responses in that action regarding his malpractice insurance. Debtor agreed to produce relevant policy information, but allegedly refused to produce any insurance policy.

On September 30, 2005, Debtor filed a no-asset chapter 7 petition. On October 5, 2005, notice of Debtor's bankruptcy case and the deadline for filing nondischargeability actions (January 9, 2006) was served on Movant. On October 14, 2005, Debtor filed his schedules of assets and liabilities. Debtor's Schedule F lists Movant as a creditor with a contingent, unliquidated, disputed claim for negligence and a contingent, disputed claim to vacate an arbitration award entered prepetition in Debtor's favor. Movant did not timely file an action seeking either to block entry of Debtor's discharge under section 727 or to determine Movant's claims excepted from discharge under section 523(a)(2), (4), or (6).[1] Debtor's discharge was entered on January 12, 2006.

On November 20, 2008, Movant filed an adversary proceeding against Debtor (Adv. Proc. No. 08-3146). The complaint seeks to except Movant's claims from discharge pursuant to 11 U.S.C. §§ 523(a)(3)(B), (a)(2), (a)(4), and (a)(6), based on Debtor's alleged failure to disclose prior to January 2008 that Debtor was not insured for legal malpractice regarding the matters in which

---

[1] The deadline to file such an action was January 9, 2006. Movant did not file the action until November 20, 2008.

-2-

Debtor represented Movant, and Debtor's alleged false statements to Movant regarding the malpractice insurance policy. The complaint alleges that it is timely filed under Federal Rule of Bankruptcy Procedure 4007(b).

**DISCUSSION**

A bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. Because Movant's claims are time-barred, the motion to reopen is denied.

Movant's claims under section 523 are time-barred because they arose prepetition and because Movant was scheduled as a creditor in this bankruptcy case and received timely notice of the deadline to file a nondischargeability action. The claims arose prepetition, because Movant could fairly contemplate such claims as of the date Debtor filed his chapter 7 petition. <u>Corman v. Morgan (In re Morgan)</u>, 197 B.R. 892, 896-99 (N.D. Cal. 1996). Movant should have contemplated that Debtor's insurance policy may not have covered Movant's claims, because Debtor refused, prepetition, to produce such policy in response to discovery.

Prepetition claims are subject to the bar date for filing an action under section 523 (action to render claim nondischargeable) or section 727 (action to deny Debtor's discharge). In this case, such bar date was January 9, 2006. Movant received actual, timely notice of that bar date and did not timely file an action under section 523 or section 727. Accordingly, his claims under sections 523(a)(2), (a)(4), and (a)(6), and any claim to deny Debtor's discharge based on his alleged failure to schedule his insurance policy, are time barred. Fed. R. Bankr. Proc. 4004(a), 4007 (c).

-3-

1    Movant seeks to escape the deadline for filing an action to

2 determine nondischargeability by invoking section 523(a)(3)(B).

3 That section provides that an action to determine certain claims

4 for nondischargeability may be brought at any time by a creditor

5 who did not receive notice of the bankruptcy case.  This avenue is

6 not available to Movant, because he was listed on Debtor's

7 schedules and served with notice of the bankruptcy case.

8    Likewise, Movant is time barred from filing an action to

9 revoke Debtor's discharge, even if it were obtained through fraud

10 not discovered until after entry of that discharge.  11 U.S.C.

11 §§ 727(d)(1), (e).  The time for filing such an action is one year

12 from entry of the discharge and cannot be tolled.  11 U.S.C.

13 § 727(e); Fed. R. Bankr. Proc. 9024 ("a complaint to revoke

14 discharge in a chapter 7 liquidation case may be filed only within

15 the time allowed by  § 727(e)); accord Towers v. Boyd (In re Boyd),

16 243 B.R. 756 (N.D. Cal. 2000) (Breyer, J.).  This deadline passed

17 on January 9, 2007, well before Movant filed the current action.

18    Nor is it necessary to reopen the case to grant relief from

19 the automatic stay, because the stay is no longer in effect and has

20 been replaced by the discharge injunction.  11 U.S.C. §§ 362(c);

21 524.

22    Debtor has received a discharge of any personal liability with

23 respect to the claims asserted by Movant in the new adversary

24 proceeding and in the currently pending state-court action (Case

25 No. CGC 04-435626).  11 U.S.C. § 727(a).  Movant may not bring

26 these claims in state court or in this court.  Any continuation of

27 the state-court action to impose personal liability on Debtor on

28 account of these claims constitutes contempt of court for violating

-4-

1  the discharge injunction.  E.g., <u>Walls v. Wells Fargo Bank, N.A.</u>,

2  276 F.3d 502, 507 (9th Cir. 2002).

3       The court will enter an order directing the Clerk to close the

4  bankruptcy case and dismiss the adversary proceeding with

5  prejudice.

6                          **END OF MEMORANDUM**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

1 **Court Service List**

2

3 Charles Michael Collins, Esq.
  P.O. Box 14792
4 San Francisco, CA 94114

5 Paul A. Vander Waerdt
  15932 Rock Crystal Drive
6 Parker, CO 80134

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-